UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDRE DUHON.

           Plaintiff(s),

  v.

COUNTY OF KING,

           Defendantendant(s).

NO. C04-1408P

ORDER ON KING COUNTY'S MOTION FOR SUMMARY JUDGMENT

The above-entitled Court, having received and reviewed:

1. King County's Motion for Summary Judgment

2. Plaintiff's Response Opposing Summary Judgment

3. King County's Reply in Support of Summary Judgment

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is GRANTED; the above-entitled matter will be DISMISSED with prejudice.

**Background**

Sometime in the spring of 2002 (the exact date is in question), while in custody at the King County Jail, Plaintiff received injuries during an altercation with one or more correctional officers; he was taken to Harborview Medical Center and treated. The disciplinary hearing held by the facility exonerated Plaintiff of charges of assault and fighting (he was found culpable of refusing orders); in fact, the officer in question (Officer Richman) was found to have "initiated contact" with Plaintiff.

**ORDER ON
SUMM JMT - 1**

In November 2003, Plaintiff filed a claim for damages with King County. The claim failed to note either the date of the incident or the amount of damages requested. The claim was rejected; on April 16, 2004, Plaintiff filed suit against Defendant in King County Superior Court (Andre Duhon v. County of King et al., 04-2-08926-3-3 SEA). On June 17, 2004, Defendant removed the matter to federal court. By this summary judgment motion, Defendant seeks dismissal of Plaintiff's federal and state claims.

**Discussion**

§ 1983 Claim

No liability can be imposed on a municipality under § 1983 absent a showing of: (1) a policy or custom that caused the injury (Board of County Com'rs of Bryan County, OK v. Brown, 520 U.S. 397, 403 (1997)) or (2) delegation, ratification or deliberate indifference on the part of the municipality resulting in an omission which caused an employee to commit the constitutional violation. Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1186 (9th Cir. 2002); Christie v. Iopa, 176 F.3d 1231 (9th Cir. 1999). Plaintiff having admitted at deposition that he knows of no custom, policy or practice that led to his alleged assault, Defendant argues that there are no grounds for the federal cause of action.

Government liability has attached in single-incident excessive force situations where an officer's conduct has been "ratified" by those with final decision-making authority. Plaintiff cites recent developments in municipal liability case law; i.e., the rise of "deliberate indifference" as a test for liability. Under certain circumstances, a municipality's failure to train or supervise can rise to the level of "deliberate indifference" to the constitutional rights of anyone impacted by the failure to act. However, this is a "stringent standard of fault" calling for proof that a municipal official "disregarded a known or obvious consequence of his action." Board of County Com'rs, 520 U.S. at 410.

ORDER ON
SUMM JMT - 2

Plaintiff cites Defendant's failure to investigate or discipline anyone involved as a "ratification" of the officers' actions and claims a further violation resulted from the delegation to a "lower level official" of the enforcement of the excessive force policy (which Plaintiff appears to infer from the non-enforcement of the policy). It is Plaintiff's position that either item constitutes a question of fact for the jury and operates to defeat summary judgment.

Defendant responds that there has been no delegation because the "violating" official must possess final policy-making authority (Christie at 1235), and Plaintiff has presented no evidence that Officer Richman had such authority. Ratification, Defendant argues, requires proof of approval of an ongoing violation (Id. at 1240), which would require Plaintiff to establish that someone with policymaking authority ratified the officer's actions while they were going on.

The Court agrees (and Plaintiff basically concedes) that there is no evidence of a policy or practice propounded or endorsed by Defendant concerning the behavior alleged in this complaint. Nor has Plaintiff come forward with any evidence to support a theory that anyone involved in this incident received a delegation of final policy-making authority sufficient to support a § 1983 claim.

Defendant's argument that "ratification" cannot be established absent proof that a policymaker approved an ongoing violation is a misconstruction of the holding of Christie.[1] The case does, however, stand for the proposition that a policymaker must affirmatively approve of the subordinate's act and that "mere refusal to overrule a subordinate's completed act does not constitute approval." 176 F.3d at 1239 (*citations omitted*). On that basis, Plaintiff has failed to establish a genuine issue of material fact regarding ratification: there is no evidence, beyond an alleged failure to act, of any

---

[1] Defendant quotes the phrase "alleged ongoing constitutional violations" from Christie as though it were part of a test established by the Ninth Circuit to support a finding of "ratification." The sentence from which that phrase is drawn states only that "[a] rational trier of fact could conclude that Kimura affirmatively approved of Iopa's ongoing constitutional violations." Id. at 1240. The fact that the alleged violations were "ongoing" is never again mentioned in the opinion and certainly not as an element of proof. The holding of the case as it regards ratification simply states: "A policymaker's knowledge of an unconstitutional act does not, by itself, constitute ratification. Instead, a plaintiff must prove that the policymaker approved of the subordinate's act." Id. at 1239.

**ORDER ON**
**SUMM JMT - 3**

policymaker "approval" of the officer's actions. Even though Plaintiff "makes an offer of proof for trial" (Response, p. 2) that Officer. Richman was never investigated or disciplined (presumably a tacit form of "approval"), the fact is that he presents no evidence to support that allegation.[2]

Plaintiff's final theory of liability under § 1983 is that Defendant's actions somehow amount to "deliberate indifference" and he should be allowed to proceed with his lawsuit on that basis. The Supreme Court adopted "deliberate indifference" liability in City of Canton v. Harris, 489 U.S. 378 (1989) and suggested it can apply to single-incident cases:

> But it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. Id. at 390.

This form of liability has been applied to single-incident cases in other cases. Fuller v. City of Oakland, 47 F.3d 1522, 1535 (9th Cir. 1995); Hammond v. County of Madera, 859 F.2d 797, 803 (9th Cir. 1988).

But it is, as Plaintiff acknowledges, "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Board of County Com'rs, 520 U.S. at 410.

> Where a claim of municipal liability rests on a single decision, not itself representing a violation of federal law and not directing such violation, the danger that a municipality will be held liable without fault is high. Because the decision necessarily governs a single case, there can be no notice to the municipal decisionmaker, based on previous violations of federally protected rights, that his approach is inadequate. Nor will it be readily apparent that the municipality's action caused the injury in question, because the plaintiff can point to no other incident tending to make it more likely that the plaintiff's own injury flows from the municipality's action, rather than from some intervening cause.

Board of County Com'rs, 520 U.S. at 408.

---

[2] Plaintiff's argument that enforcement of the excessive force policy was delegated to a lower level official suffers from a similar lack of proof. He presents no evidence of either the policy or the delegation to a lower level official, merely offering conclusory statements. It is not enough.

ORDER ON
SUMM JMT - 4

In the Christie case, the Court observed that "[Plaintiff] is left to argue that Kimura's general policy of delegating discretion to deputy prosecutors obviously would result in Iopa's alleged unconstitutional violations." They found that holding the municipality liable under those circumstances would be equivalent to imposing *respondeat superior* liability, which has long been held impermissible (*see* Monell v. Dept. of Soc. Svcs of N.Y., 436 U.S. 658 691 (1978)) in § 1983 cases.  176 F.3d at 1241.  In this case, Plaintiff has failed to even present evidence of what Defendant's "general policy" was or who exactly was the supervisor or policymaker who was deliberately indifferent to the officer's alleged violations.  The totality of his evidence concerns his injuries and his attempts to get his medical information from the jail authorities.  Without evidence establishing the existence of a policy of delegation and the identity of a policymaker, he cannot argue that any policymaker within the jail hierarchy "disregarded a known or obvious consequence of his action."  He is basically asking for *respondeat superior* liability, and therefore his § 1983 claim fails.

State Law Claims

Filing a claim for damages with the county is a condition precedent to filing a lawsuit for damages.  RCW 4.96.010(1).  By statute, there are certain elements which the claim must enumerate, including time of injury and amount of damages claimed.  RCW 4.96.020(3); KCC 4.12.070A.  "Substantial compliance" is sufficient, but the complete absence of a required element renders the claim "fatally defective" (Nelson v. Dunkin, 69 Wn.2d 726, 731-32 (1966)); the remedy is dismissal of the suit.  Hintz v. Kitsap County, 92 Wn.App. 10, 14 (1998).  Both failure to accurately state the time of the injuries and the amount of the requested damages have been found "fatally defective."  Caron v. Grays Harbor County, 18 Wn.2d 397, 408-10 (1943).  Where a plaintiff has failed to comply with the statutory elements, the government need not show actual prejudice.  Nelson at 732.

Plaintiff's claim for damages with the county lacked either a date and time for the alleged incident or the amount of damages requested.  He defends against these deficiencies by arguing that he

ORDER ON
SUMM JMT - 5

made requests for his jail health records in an attempt to verify the date and time of the incident; an initial request prior to filing the claim, then a second time (when he was informed that he had failed to submit the proper form). The records were never provided and he was unable to specify the correct date from memory. Plaintiff notes that the county had no difficulty producing the records during initial disclosures following the filing of the lawsuit and further notes that Defendant has produced no affidavit that Plaintiff's claim was so vague that a review of Plaintiff's jail file could not identify the incident in question.

The argument fails on two grounds. First, Plaintiff presents no case authority that failure of an alleged tortfeasor to provide information operates to excuse a complainant's statutory duty to submit a complete claim prior to initiating a lawsuit. Second, Plaintiff presents no proof (and does not even make the argument) that he had no other means of ascertaining the information required to make a valid claim. Accepting the date on which Plaintiff finally fixed the incident (April 11, 2002; Response, p. 1), Plaintiff had three years from that time (and five months from the filing of his claim with the county) until the running of the limitations period. His response to the summary judgment is completely lacking any explanation of why he failed to complete releases for King County Jail Health or Harborview Medical Center that would have provided the information he required.

Defendant had no authority to review any of Plaintiff's confidential medical records without his permission and, in any event, was under "no affirmative obligations" pursuant to the claim filing statute to insure that Plaintiff complied with the filing requirements. <u>Pirtle v. Spokane Public School Dist. No. 81</u>, 83 Wn.App. 304, 311 (1996) . Plaintiff's failure to submit a claim containing the requisite elements is therefore not excusable and Defendant's motion for summary judgment on Plaintiff's state claims will be granted on that basis.

**Conclusion**

Plaintiff has provided no evidence of a policy or practice of King County permitting the use of excessive force by its corrections officers. Similarly, there is an absence of proof of delegation, ratification or "deliberate indifference" by any county official with final policymaking authority, and for those reasons summary judgment of dismissal of his § 1983 claim is appropriate. Based on the Court's finding that Plaintiff's incomplete claim request to the county is not the result of excusable neglect or error, the claim filed with the county is therefore "fatally defective" and Defendant's motion for summary judgment dismissing Plaintiff's state claims will be granted.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: August __5__, 2005

Marsha J. Pechman
U.S. District Judge

ORDER ON
SUMM JMT - 7